| | |
|---|---|
| KELLER BENVENUTTI KIM LLP<br>Tobias S. Keller (#151445)<br>(tkeller@kbkllp.com)<br>Gabrielle L. Albert (#190895)<br>(galbert@kbkllp.com)<br>650 California Street, Suite 1900<br>San Francisco, CA 94108<br>Tel: (415) 496-6723<br>Fax: (650) 636-9251 | MILLER STARR REGALIA<br>Arthur F. Coon (#124206)<br>(Arthur.coon@msrlegal.com)<br>Matthew Henderson (#229259)<br>(matthew.henderson@msrlegal.com)<br>A Professional Law Corporation<br>1331 N. California Blvd., Fifth Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 935-9400<br>Fax: (925) 933-4126 |

*Attorneys for Debtors and Reorganized Debtors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and -<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Reorganized Debtors.** | Case Nos. 19-30088 (DM)<br>(Lead Case)<br>(Jointly Administered)<br><br>Chapter 11<br><br>Adv. Case Nos. 20-03122 and 20-03124 (consolidated)<br><br>**STIPULATION MODIFYING INJUNCTION**<br><br>[No Hearing Requested] |
| **CITY OF LAFAYETTE, a municipal corporation,**<br><br>Plaintiff,<br><br>v.<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Defendant. | Complaints Filed: October 30, 2020 and November 13, 2020 |

Pacific Gas and Electric Company as reorganized debtor ("**PG&E**") in the above-captioned consolidated adversary cases (the "**Adversary Cases**"), on the one hand, and the City of Lafayette ("**City**"), on the other hand, by and through their respective counsel, hereby submit this stipulation (the "**Stipulation**") for an order modifying the Injunction (as defined below) to permit PG&E to remove certain trees covered by the Injunction, and granting related relief. PG&E and the City are referred to in this Stipulation collectively as the "**Parties**," and each as a "**Party**." The Parties hereby stipulate and agree as follows:

A. As part of its pipeline maintenance and safety protocols, PG&E sought to remove certain trees located within the City limits, some of which were on property owned or managed by East Bay Regional Park District ("**EBRPD**"). The City and PG&E disputed the application of the City's Tree Protection Ordinance (the "**Ordinance**") to PG&E's removal of the trees. To resolve that dispute, in early 2017 the Parties entered into a tree removal agreement (the "**TRA**") under the terms of which PG&E would be allowed to remove trees.

B. On or about January 29, 2019 (the "**Petition Date**"), PG&E and its parent company commenced the Chapter 11 Cases. Prior to July 1, 2020 (the "**Effective Date**"), PG&E operated its businesses and managed its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. On or about June 20, 2020, this Court entered the Order [Docket No. 8053] (the "**Confirmation Order**") confirming the *Debtors' and Shareholder Proponents' Joint Chapter 11 Plan of Reorganization dated June 19, 2020* [Bk. Dkt. No. 8048] (as it may be amended, modified, or supplemented and together which any exhibits or schedules thereto, the "**Plan**"). The Plan became effective on the Effective Date [Bk. Dkt. No. 8252].

D. In connection with the Plan, the Debtors moved to reject certain executory contracts and unexpired leases**,** including the TRA that is the subject of the Adversary Cases, pursuant to its *Notice of Filing of Plan Supplement in Connection with Debtors' and Shareholders Proponents' Joint Chapter 11 Plan of Reorganization Dated March 16, 2020* [Bk. Dkt. No. 7037].

E. The City objected to the proposed rejection of the TRA on the grounds that it is not an executory contract, asserting that there are no outstanding obligations beyond

1 ministerial duties [Bk. Dkt. No. 7269] (the "**Objection**"). The dispute over the rejection was reserved for a later date. No hearing on the Objection has been set.

F. On or about October 20, 2020, PG&E filed a Complaint for Rescission of Contract, Rejection of Contract, Determination of Claim, and Declaratory Relief in the Bankruptcy Court, adversary case no. 20-03122, relating to the TRA.

G. On or about November 13, 2020, City filed a Complaint for Breach of Contract and Injunctive Relief in the Bankruptcy Court, adversary case no. 20-03124, relating to the TRA. The City also sought a temporary restraining order against PG&E's proposed removal of 17 trees.

H. On November 17, 2020 the Bankruptcy Court heard the City's ex parte application in case no. 20-03124 and issued a temporary restraining order prohibiting PG&E from removing 17 trees on EBRPD property covered by the TRA.

I. On November 20, 2020, the Bankruptcy Court held a further hearing on the City's application for a preliminary injunction, and the Court issued the injunction prohibiting PG&E from removing the 17 trees on EBRPD property covered by the TRA (the "**Injunction**") until further order of the Bankruptcy Court. The order issuing the Injunction was filed on November 25, 2020.

J. On January 26, 2021, the Bankruptcy Court issued an order consolidating the Adversary Proceedings.

K. In November of 2020, PG&E conducted a non-traditional in-line inspection of gas transmission line 191-1 in the City of Lafayette, which assessed the internal and external condition of the pipeline. As a result of the inspection, four metal loss indications interacting with potentially low-frequency electric resistance welding ("**LF-ERW**") of the longitudinal seam were reported along the Lafayette-Moraga Regional Trail, east of Foye Drive. Per the requirements of Title 49 Code of Federal Regulations (CFR) § 192.933 and ASME B31.8S Section 7.2.1, any metal-loss indication affecting a longitudinal seam formed by LF-ERW are categorized as requiring immediate response. The immediate response must be completed within one year of the

///

final report and requires PG&E to conduct a dig to assess any corrosion on the pipeline and determine if any repairs are needed.

L. PG&E needs to immediately remove seven trees, including one dead tree, on EBRPD property adjacent to the Lafayette-Moraga Regional Trail prior to the required excavation. These trees need to be removed as they are either within the excavation area or have significant portions of their critical root zone within the excavation area. These seven trees, identified on Exhibit "1" attached hereto and incorporated herein by reference, are or may be subject to the Injunction. The City has agreed that these trees may be removed. The Parties therefore agree that the trees shown on Exhibit "1" should no longer be subject to the Injunction and may be removed by PG&E upon the Injunction being so modified.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, AND THE PARTIES JOINTLY REQUEST THE BANKRUPTCY COURT TO ORDER, THAT:**

1. The Injunction is hereby modified so as to not apply to the seven trees identified in Exhibit "1" attached hereto. Upon the entry of this order by the Bankruptcy Court, PG&E shall be free to alter or remove those seven trees.

2. Except as expressly modified herein, the Injunction shall remain in full force and effect until otherwise modified or terminated by the Bankruptcy Court.

Dated: July 27, 2021                    BEST BEST & KRIEGER LLP

By:     */s/ Caroline R. Djang*
        CAROLINE R. DJANG
        SCOTT W. DITFURTH
        Attorneys for Plaintiff City of Lafayette

| | | |
|---|---|---|
| 1 | Dated: July 27, 2021 | KELLER BENVENUTTI KIM LLP<br>MILLER STARR REGALIA |
| 2 | | |

<br>

By: _____/s/ Tobias S. Keller_____
      TOBIAS S. KELLER
      GABRIELLE L. ALBERT
      ARTHUR F. COON
      MATTHEW C. HENDERSON
      Attorneys for Defendant and Reorganized Debtor
      Pacific Gas and Electric Company